IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00407-PAB-BNB

JAMES FRANKS,

Plaintiff,

v.

FLINT-MCCLUNG CAPITAL, LLC,
SHAWON MCCLUNG and
BRYANT FLINT d/b/a, and
HEIDI ARNDT,

Defendants.
_____

# ORDER
_____

In this action, the plaintiff alleges that the defendants engaged in a Ponzi scheme.  He alleges economic damages exceeding $100,000.

Defendant Shawon McClung is represented by counsel and has filed a Motion to Dismiss the complaint [Doc. # 20].

Defendant Bryan Flint is proceeding *pro se* and has also filed a motion to dismiss [Doc. # 39, filed 5/27/2011].  In addition, Mr. Flint has filed:

(1)     **Affidavit-Notice to the Court** [Doc. # 35, filed 5/27/2011] (the "Flint Affidavit");

(2)     **Application to Proceed in District Court Without Prepaying Fees or Costs** [Doc. # 36, filed 5/27/2011] (the "*In Forma Pauperis* Application");

(3)     **AO Application to Proceed in District Court Without Prepaying Fees or Costs, Financial Affidavit--Supplement** [Doc. # 37, filed 5/27/2011] (the "*In Forma Pauperis* Supplement"); and

(4)     **Motion for the Appointment of Counsel** [Doc. # 38, filed 5/27/2011].

Mr. Flint also has caused copies of two emails to be sent directly to my chambers.

Defendant Heidi Arndt also is proceeding *pro se*, and has filed a motion to dismiss [Doc. # 30, filed 5/26/2011]. In addition, Ms. Arndt has filed:

(1)     **Response to the Submissions Made By Plaintiff on May 26th, 2011 and May 27th, 2011** [Doc. # 46, filed 5/31/2011] (the "Arndt Response"); and

(2)     **Supplemental Information Concerning Above Titled Action; Petition to have Heidi Arndt, Defendant, dismissed from case; and Request to have expenses associated with defense of this suit paid for by Mr. Franks should Heidi Arndt be either dropped from said case of found "not guilty"** [Doc. # 53, filed 6/3/2011] (the "Arndt Supplement").

Turning first to the filings of Mr. Flint, I note that none of the materials include certificates of service evidencing that they were served on all other counsel or *pro se* parties. Specifically, Rule 5(a), Fed. R. Civ. P., requires that all pleadings, written motions, written notices, appearances, demands, and similar papers "must be served on every party; and D.C.COLO.LCivR 5.1G requires generally that all papers filed with the court "be accompanied by a certificate of service indicating the date it was served, the name and address of the person to whom it was sent, and the manner of service." The Flint Affidavit [Doc. # 35] does not request any relief nor does it respond to any pending motion, and it is not appropriate for filing. Mr. Flint is a defendant, not a plaintiff, and the *In Forma Pauperis* Application [Doc. # 36] and *In*

*Forma Pauperis* Supplement [Doc. # 37] are inapplicable. Local rule of practice 77.2, D.C.COLO.LCivR, prohibits *ex parte* communications, as follows:

> In the absence of previous authorization, no attorney or party any proceeding shall send letters, pleadings, or other papers or copies directly to a judicial officer. Unless otherwise instructed, all matters to be called to a judicial officer's attention shall be submitted through the clerk, with copies served on all other parties or their attorneys. No attorney or party shall contact orally a judicial officer regarding any case by telephone, in person, or through any other means, unless all other parties in the matter, or their attorneys, are present or on the telephone.

The filings by Ms. Arndt are similarly defective insofar as they do not include a certificate of service evidencing that they were served on all other counsel of *pro se* parties and, in some instances, are inappropriate for filing.

IT IS ORDERED:

(1)   Mr. Flint's Motion to Dismiss [Doc. # 39] is DENIED WITHOUT PREJUDICE for failure to include a certificate of service;

(2)   The Flint Affidavit [Doc. # 35] is STRICKEN for failure to include a certificate of service and as immaterial, see Fed. R. Civ. P. 12(f);

(3)   The *In Forma Pauperis* Application [Doc. # 36] and *In Forma Pauperis* Supplement [Doc. # 37] are STRICKEN for failure to include a certificate of service and as immaterial, see Fed. R. Civ. P. 12(f);

(4)   The Motion for Appointment of Counsel is DENIED WITHOUT PREJUDICE for failure to include a certificate of service;

(5)   Ms. Arndt's Motion to Dismiss [Doc. # 30] is DENIED WITHOUT PREJUDICE for failure to include a certificate of service;

(6) The Arndt Response [Doc. # 46] is STRICKEN for failure to include a certificate of service and as immaterial, see Fed. R. Civ. P. 12(f);

(7) The Arndt Supplement is STRICKEN for failure to include a certificate of service, as redundant of her Motion to Dismiss, and as immaterial, see Fed. R. Civ. P. 12(f). Insofar as Ms. Arndt seeks an award of attorneys fees if she is "either dropped from said case or found 'not guilty,'" the Arndt Supplement is DENIED as premature; and

(8) The parties are directed to comply with D.C.COLO.LCivR 77.2 and to refrain from improper *ex parte* communications with the court.

Dated June 6, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge