IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00407-PAB-BNB

JAMES FRANKS,

Plaintiff,

v.

FLINT-MCCLUNG CAPITAL, LLC,
SHAWON MCCLUNG and
BRYANT FLINT d/b/a, and
HEIDI ARNDT,

Defendants.

_____

**ORDER**

_____

This matter arises on the following:

(1)     Plaintiff's **Motion to Compel Disclosures** [Doc. # 65, filed 7/25/2011] ("Plaintiff's Motion to Compel");

(2)     **Defendant Shawon McClung's Combined Motion to Stay and for a Protective Order** [Doc. # 84, filed 8/18/2011] ("McClung's Motion to Stay");

(3)     Plaintiff's **Motion to Strike Defendant Arnd't [sic] Reply to Response to Motion to Dismiss 12(f)** [Doc. # 92, filed 9/2/2011] (the "Motion to Strike");

(4)     Defendant Arndt's **Motion to Compel Plaintiff James C. Franks to Provide Documents Requested for Discovery Materials** [Doc. # 98, filed 9/19/2011] ("Arndt's Motion to Compel");

(5)     Defendant Arndt's **Supplemental Information for Motion to Dismiss [etc.], Supplemental Information for Motion for Sanctions [etc.], and Motion for Sanctions [etc.]**

[Doc. # 107, filed 10/14/2011] ("Arndt's Omnibus Filing"); and

(6) Three letters [Doc. ## 70, 72, and 79] (the "Letters") filed by the plaintiff's former counsel.

**1. Plaintiff's Motion to Compel [Doc. # 65]**

Local rule of practice 7.1A, D.C.COLO.LCivR, provides:

> **Duty to Confer.** The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

The Motion to Compel does not contain the required certificate specifying the plaintiff's efforts to confer prior to filing his Motion to Compel. Subsequently, the plaintiff filed a Certificate of Conferal [sic] [Doc. # 68, filed 7/26/2011], which states in its entirety:

> Counsel for the Plaintiff certifies that he contacted counsel for the McClung Defendants four times prior to filing the Plaintiff's "Motion to Compel Disclosures" dated July 25, 2011. **[DE #: 65]**.
>
> On the last email Plaintiff's counsel specified the documents required for disclosure. Plaintiff's counsel received no response to the email.

Certificate of Conferal [Doc. # 68] at p. 1. No copies of any correspondence or emails constituting the alleged attempts to confer are attached, nor are the contents of any oral communications specified.

Shawon McClung asserts that the plaintiff failed to satisfy the requirements of Rule 7.1A, arguing:

> Plaintiff's counsel did not make a good faith effort to explain the contested issues and attempt to reach any agreement or

2

> compromise to resolve the discovery dispute before or after filing his Motion.  Instead, Plaintiff made broad demands for documents and ESI for which Plaintiff never served a discovery request.  Plaintiff made no effort before, during or after the Fed. R. Civ. P. 26(f) conference, to discuss (1) a discovery plan for ESI, (2) the protocols for discovery of ESI, (3) the specific items he wants produced, (4) whether that information actually exists, or (5) how that information is relevant or likely to lead to the discovery of admissible evidence.  In essence, Plaintiff made no attempt to further the discovery process or to avoid burdening the Court with his Motion through a constructive conversation with Defendant McClung.

Response [Doc. # 75] at pp. 1-2.

First, Plaintiff's Motion to Compel fails to recognize the limited obligation imposed by Rule 26(a)(1), Fed. R. Civ. P.  That rule does not require a party to produce all documents in its possession, custody, or control related to a matter in dispute.  To the contrary, the obligation of Rule 26(a)(1) is limited to the voluntary disclosure "of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control **and may use to support its claims or defenses**, unless the use would be solely for impeachment."  Id. (emphasis added).  Consequently, the plaintiff's assertion that "[o]n the last email Plaintiff's counsel specified the documents required for disclosure" confuses the requirements of Rule 26(a)(1) voluntary disclosures with requests for production of documents under Rule 34(a)(1), Fed. R. Civ. P.

More to the point, however, I agree that the plaintiff failed meaningfully to comply with the requirements of D.C.COLO.LCivR 7.1A prior to filing his Motion to Compel.  In Hoelzel v. First Select Corp., 214 F.R.D. 634, 635-36 (D. Colo. 2003), I explained:

> Rule 7.1A serves a particularly important function in connection with discovery disputes because the parties, through negotiations, frequently are able to narrow the discovery requests in a way

>which eliminates the need for judicial intervention. . . .
>
>The language of Rule 7.1A is important. It requires that a moving party, before filing a motion, *confer* or make a reasonable effort to *confer*; the requirement is not satisfied by a party making a demand for compliance. To confer means to hold a conference; compare views; consult together. The rule is not satisfied by one party sending a single e-mail to another party, and particularly not where, as here, the e-mail merely indicates an intention to file a motion to compel and does not suggest any negotiation or compromise. . . . [T]o satisfy the requirements of Rule 7.1A, the parties must hold a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or fact-to-face meetings, and must compare views and attempt to reach an agreement, including by compromise if appropriate.

Id. (internal quotation and citation omitted).

The Plaintiff's Motion to Compel [Doc. # 65] is DENIED because it improperly confuses the obligations under Rules 26(a)(1) and 34(a)(1) and because the plaintiff failed meaningfully to confer prior to filing the motion.

**2.      McClung's Motion to Stay [Doc. # 84]**

McClung's Motion to Stay reports that on August 10, 2011, "the U.S. Attorney served Defendant McClung with a grand jury subpoena. . . . Due to the grand jury investigation, Defendant McClung cannot participate in discovery in this case without choosing between possible self-incrimination and asserting his Fifth Amendment rights." McClung's Motion to Stay [Doc. # 84] at p. 2. In addition, on the same day the grand jury subpoena was served, "[p]laintiff's counsel demanded that Defendant McClung agree to a deposition." Id.

The argument confuses two parties. The grand jury subpoena was served on Flint-McClung Capital LLC, a defendant in this action. The deposition notice commanded the deposition of Shawon McClung, another defendant in this action. There is no evidence, or even

4

an assertion, that Shawon McClung is the target of a criminal investigation.

Although the Motion to Stay seeks to stay the action as a whole, the request appears to have been motivated by the plaintiff's attempt to depose Shawon McClung. Subsequently, however, the plaintiff's lawyer was suspended by the Colorado Supreme Court from the practice of law, see Order to Show Cause [Doc. # 108, filed 10/18/2011], and the district judge removed him as counsel of record for the plaintiff. Order [Doc. # 109, filed 10/27/2011]. The plaintiff currently is proceeding pro se. It is not clear that the plaintiff intends to pursue the case or, if he does, that he currently intends to depose Shawon McClung. The date for Shawon McClung's deposition (September 2, 2011) has elapsed while the Motion to Stay was pending, and did not occur in view of the automatic stay of disputed discovery pending the determination of a motion for protection. D.C.COLO.LCivR 30.2A.

Motions to stay proceedings are governed by the five part balancing test set out in String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 *2 (D. Colo. Mar. 30, 2006):

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil action. and (5) the public interest.

Weighing these factors, I conclude that a stay of the action is not justified.

The plaintiff alleges that he was defrauded out of more than $100,000. His interest in proceeding promptly through discovery and to trial is substantial. There is no special burden on Shawon McClung in defending this action which warrants a stay. The court is not convenienced by the unnecessary aging of cases which have been stayed, and the public interest is not served by such delay.

The Motion to Stay [Doc. # 84] is DENIED insofar as it seeks to stay the case as a whole, and is DENIED AS MOOT insofar as it seeks a protective order preventing Shawon McClung's deposition on September 2, 2011.

**3.      Motion to Strike [Doc. # 92]**

The Motion to Strike seeks an order striking Heidi Arndt's reply in support of her motion to dismiss. Ms. Arndt is proceeding pro se. I have reviewed the reply, and it may be of assistance in resolving the motion to dismiss. Consequently, the Motion to Strike [Doc. # 92] is DENIED.

Ms. Arndt's response to the Motion to Strike [Doc. # 94] purports also to be a motion for sanctions. Local rule of practice 7.1C, D.C.COLO.LCivR, provides that "[a] motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." Consequently, Ms. Arndt's request for sanctions in her response to the Motion to Strike is improper and is DENIED.

**4.      Arndt's Motion to Compel [Doc. # 98]**

Ms. Arndt states in her Motion to Compel that she has "sent two separate discovery materials requests to the Plaintiff"; responses to those requests "were 4-5 days late"; and "[n]one of these responses included the documents requested." Arndt's Motion to Compel [Doc. # 98] at p. 1. The discovery requests and responses are neither quoted in the Motion to Compel nor attached to it as exhibits.[1]

Local rule of practice 37.1, D.C.COLO.LCivR, requires:

---

[1] The plaintiff quoted one of Ms. Arndt's interrogatories in his response. Response [Doc. # 105] at p. 4.

> A motion under Fed. R. Civ. P. 26 or 37 directed to an
> interrogatory, request, or response under Fed. R. Civ. P. 33 or 34
> shall either set forth in the text of the motion the specific
> interrogatory, request, or response to which the motion is directed,
> or an exhibit that contains the interrogatory, request, or response
> shall be attached.

It is impossible to meaningfully consider or rule on a motion to compel without this information.

Arndt's Motion to Compel [Doc. # 98] is DENIED for failure to comply with the requirements of D.C.COLO.LCivR 37.1.

**5.     Arndt's Omnibus Filing [Doc. # 107]**

Arndt's Omnibus Filing is 166 pages long. It purports to be "supplemental information" in support of Arndt's motion to dismiss, "supplemental information" in support of the improper motion for sanctions included within Ms. Arndt's response to the Motion to Strike [Doc. # 94], and a second motion for sanctions. It includes 25 pages of additional briefing, voluminous emails, responses to written discovery, and copies of Rule 26(a)(1) disclosures.

Arndt's Omnibus Filing is improper for many reasons. It is, in part, a second reply in support of Arndt's motion to dismiss. The Federal Rules of Civil Procedure do not contemplate endless briefing on motions, and I have not allowed the "supplemental information." It also is, in part, a reply in support of an improperly presented motion for sanctions, which I have denied on procedural grounds. It is further, in part, a motion included within a response or reply, which is prohibited by D.C.COLO.LCivR 7.1C. It also includes voluminous exhibits, contrary to the admonition in D.C.COLO.LCivR 56.1 that "[v]oluminous exhibits are discouraged. Parties shall limit exhibits to essential portions of documents."

Arndt's Omnibus Filing [Doc. # 107], to the extent it is a motion for sanctions, is DENIED because it violates D.C.COLO.LCivR 7.1C, and is STRICKEN insofar as it is

supplemental briefing on other motions.

**6.     The Letters [Doc. ## 70, 72, and 79]**

The plaintiff's former counsel filed three Letters which address discovery issues. Rule 7(b)(1), Fed. R. Civ. P., requires that "[a] request for a court order must be made by motion." Rule 7(b)(2), Fed. R. Civ. P., provides that "[t]he rules governing captions and other matters of form of pleadings apply to motions and other papers." Local rule of practice 10.1, D.C.COLO.LCivR, specifies the format of papers submitted for filing. The Letters are inconsistent with the requirements of Fed. R. Civ. P. 7(b) and fail to conform to the format required by D.C.COLO.LCivR 10.1, and are STRICKEN.

IT IS ORDERED:

(1)     The Plaintiff's Motion to Compel [Doc. # 65] is DENIED;

(2)     The Motion to Stay [Doc. # 84] is DENIED insofar as it seeks to stay the case as a whole, and is DENIED AS MOOT insofar as it seeks a protective order preventing Shawon McClung's deposition on September 2, 2011;

(3)     The Motion to Strike [Doc. # 92] is DENIED and Ms. Arndt's request for sanctions contained within in her Response to the Motion to Strike [Doc. # 94] is DENIED as improper;

(4)     Arndt's Motion to Compel [Doc. # 98] is DENIED;

(5)     Arndt's Omnibus Filing [Doc. # 107], is DENIED insofar as it is a motion for sanctions, and is STRICKEN insofar as it is supplemental briefing on other motions;

(6)     The Letters [Doc. ## 70, 72, and 79] are STRICKEN; and

(7)     The litigants and their counsel are cautioned that continued failures to comply

with the Federal Rules of Civil Procedure and the local rules of practice of this court may result in the imposition of sanctions, including dismissal of the case or entry of default.

Dated November 3, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge