IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00407-PAB-BNB

JAMES FRANKS,

Plaintiff,

v.

FLINT-MCCLUNG CAPITAL, LLC,
SHAWON MCCLUNG and
BRYANT FLINT d/b/a, and
HEIDI ARNDT,

Defendants.
_____

**ORDER**
_____

This matter arises on the **Motion to Compel Plaintiff to Produce Discovery Materials** [Doc. # 115, filed 11/14/2011] (the "Motion to Compel"), which seeks an order compelling the plaintiff to produce certain text messages. No response was received. The Motion to Compel Doc. # 115] is DENIED.

Local rule of practice 37.1, D.C.COLO.LCivR, requires:

> A motion under Fed. R. Civ. P. 26 or 37 directed to an
> interrogatory, request, or response under Fed. R. Civ. P. 33 or 34
> shall either set forth in the text of the motion the specific
> interrogatory, request, or response to which the motion is directed,
> or an exhibit that contains the interrogatory, request, or response
> shall be attached.

The purpose of the rule is to assure that the court is directed to the precise discovery request at issue and is provided with the precise content of the request and response, where appropriate.

The Motion to Compel does not include in its text the specific production request(s) at issue. Instead, Ms. Arndt directs me to Exhibits M and N of her Omnibus Filing [Doc. # 107]. However, she fails to identify in the Motion to Compel the specific discovery requests at issue.

At a hearing held this morning, Ms. Arndt indicated that Exhibits M and N were composed of two production requests, which together form the basis for the Motion to Compel. Contrary to Ms. Arndt's statement, however, Exhibit M contains four production requests and associated responses, Exh. M [Doc. # 107] at pp. 6-7, and Exhibit N contains three production requests and associated responses, Exh. N [Doc. # 107] at pp. 3-4. Although it is apparent from the Motion to Compel that it concerns requests to produce text messages, four of the production requests contained in Exhibits M and N seek the production of text messages. It is not apparent which production requests are at issue in the Motion to Compel.

In addition, the plaintiff indicates in his response to Production Request No. 1, Second Set, that all text messages between the plaintiff and Ms. Arndt from December 15, 2010, onward were provided in the initial disclosures. Exh. N [Doc. # 107] at p. 3. Although the Motion to Compel is not a model of clarity, Ms. Arndt does not appear to dispute that the text messages were previously provided.

Perhaps Ms. Arndt believes that there are additional text messages not previously produced. She has made no such showing, however, and the response states that all responsive documents in the plaintiff's possession, custody, and control have been produced, and that subsequently recovered text messages (if any) will be disclosed by supplementation. Consequently, it appears that the plaintiff has complied with his discovery obligation with respect to the text messages.

IT IS ORDERED that the Motion to Compel [Doc. # 115] is DENIED.

Dated December 20, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge