IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00407-PAB-BNB

JAMES FRANKS,

Plaintiff,

v.

FLINT-MCCLUNG CAPITAL, LLC,
SHAWON MCCLUNG and
BRYANT FLINT d/b/a, and
HEIDI ARNDT,

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on plaintiff's **Motion for Administrative Closure D.C.COLO.LCivR 41.2** [Doc. # 169, filed 1/31/2012] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

All parties are proceeding pro se.[1] Only the plaintiff appeared at the final pretrial conference, held today. None of the defendants appeared. In this regard, it was apparent to me that a final pretrial order could be successfully entered only if all parties attended the final pretrial conference in person. Consequently, I denied the last minute motions of defendants Heidi Arndt and Bryan Flint to appear at the final pretrial conference by telephone. See Minute Order [Doc. # 161, filed 1/30/2012] and Minute Order [Doc. # 165, filed 1/31/2012]. Because

---

[1] Flint-McClung Capital, LLC, an Indiana limited liability company, is named in the Complaint as a defendant. There is no indication in the record that it has been served with process, and it has not appeared in the action.

the defendants did not appear as required, and because the proposed final pretrial order did not include input from all of the pro se defendants, a final pretrial order could not be entered.

The plaintiff requests that the case be administratively closed based on the following developments occurring after his complaint was filed:

> 3. As a result of the filing of the Complaint in this matter, at least two federal agencies, the U.S. Commodities Futures Trading Commission, and, the U.S. Department of Justice have initiated investigations into the facts underlying the Complaints in this matter.
>
> \* \* \*
>
> 5. One of the agencies, the U.S.F.T.C. has initiated another civil proceeding in this Court: *U.S. Commodity Futures Trading Commission v. Flint-McClung Capital LLC* United States District Court Case No. 2011-cv-01644-CMA-BNB.
>
> 6. The United States is proceeding, diligently, through the USFTC proceeding to recover documents, and evidence, and funds, from the Defendant Shawon McClung and accomplices.

Motion [Doc. # 169] at ¶¶3, 5-6.

Ms. Arndt has filed a Partial Objection to Plaintiff's Motion for Administrative Closure [Doc. # 171]. She argues that the case should not be administratively closed until there is a ruling on her Motion for Dismissal of Heidi Arndt as a Defendant From These Proceedings [Doc. # 59]. However, I previously construed one of Ms. Arndt's pro se filings as a general denial of the complaint, see Order [Doc. # 27, filed 5/18/2011], which would preclude the filing of a motion to dismiss. See Fed. R. Civ. P. 12(b)(7) (requiring that a motion to dismiss "be made before pleading if a responsive pleading is allowed"). In addition, Ms. Arndt's motion to dismiss presents matters and argues facts outside the pleadings. If it were to be decided on the merits of the arguments made, it would have to be converted to a motion for summary judgment and Mr. Franks would have to be given "a reasonable opportunity to present all the material that is

pertinent to the motion." Fed. R. Civ. P. 12(d).  In view of the parties' status as pro se litigants and the nature and quality of their filings to date, that does not appear to be an efficient way to proceed or a prudent use of judicial resources.  Nor does Ms. Arndt appear to have the resources or capacity to proceed in the litigation.  To the contrary, in her motion to attend the final pretrial conference by telephone, Ms. Arndt stated that she "has no means of paying for a plane ticket to appear in front of this Court. . . ."  Request to Appear By Telephone [Doc. # 158, filed 1/30/2012] at p. 2.

Local rule of practice 41.2, D.C.COLO.LCivR, provides:

> A district judge or a magistrate judge exercising consent jurisdiction may direct the clerk to close a civil action administratively subject to reopening for good cause.

Under the facts presented here, where the plaintiff seeks the administrative closure of his case; all parties are proceeding pro se; the defendants have failed to appear at the final pretrial conference as ordered and appear to lack the resources to proceed in the litigation; and the quality of the parties' filings makes the conduct of further proceedings unreasonably burdensome on the court, administrative closure of the case is appropriate.

I respectfully RECOMMEND that the Motion [Doc. # 169] be GRANTED and that the case be closed administratively subject to reopening for good cause.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.

Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 1, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge