IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00407-PAB-BNB

JAMES C. FRANKS,

    Plaintiff,

v.

FLINT-MCCLUNG CAPITAL, LLC,
SHAWON MCCLUNG,
BRYAN FLINT dba, and
HEIDI ARNDT,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Boyd N. Boland [Docket No. 175]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on February 2, 2012. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").

In the Recommendation, Judge Boland noted that defendant Heidi Arndt filed a Partial Objection to Plaintiff's Motion for Administrative Closure [Docket No. 171]. In her objection, Ms. Arndt argues that the Court should not administratively close the case until there is a ruling on her Motion to Dismiss [Docket No. 59]. Judge Boland concluded that, because the Court had previously construed one of her filings as a general denial of the complaint [Docket No. 27], this precluded Ms. Arndt from filing a motion to dismiss. *See* Fed. R. Civ. P. 12(b) (requiring that a motion to dismiss "be made before pleading if a responsive pleading is allowed"). Additionally, because Ms. Arndt's motion presented facts and other matters outside of the pleadings, if it were to be decided on the merits, the Court would have to convert the motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d) (If a motion to dismiss contains matters outside the pleadings "the motion must be treated as one for summary judgment under Rule 56."). However, Ms. Arndt's motion could not be considered pursuant to Rule 56 of the Federal Rules of Civil Procedure because it does not comply with Rule 56, the Local Rules, and this Court's Practice Standards. *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations"); D.C.COLO.LCivR 56.1A ("A motion under Fed. R. Civ. P. 56 for summary judgment . . . shall include a statement of undisputed facts . . ."); Practice Standards (Civil Cases), Judge Philip A. Brimmer § III.F.3. For these reasons, the Court will not convert Ms. Arndt's motion into one for summary judgment and denies Ms. Arndt's motion to dismiss. Ms. Arndt may file a motion to reopen the case or a motion for summary

judgment upon a showing of good cause, such as the resolution of *U.S. Commodity Futures Trading Comm'n v. Flint-McClung Capital, LLC*, No. 11-cv-01644-CMA-BNB.

Additionally, defendant Shawon McClung has not objected to the Recommendation. Given Mr. McClung's failure to object, the Court presumes that he is not opposed to the administrative closure recommended in this case. Accordingly, the Court denies Mr. McClung's Motion to Dismiss [Docket No. 20] without prejudice. Mr. McClung may also file a renewed motion to dismiss or a motion to reopen the case upon a showing of good cause.

Upon review of the Recommendation, the Court finds that there is "no clear error on the face of the record" and concludes that the Recommendation is a correct application of law and facts.[1] *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Accordingly, the Court adopts Magistrate Judge Boyd N. Boland's Recommendation and administratively closes this case.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 175] is **ACCEPTED**. It is further

**ORDERED** that the Motion for Administrative Closure D.C.COLO.LCivR 41.2 [Docket No. 169] is **GRANTED**. It is further

**ORDERED** that the Motion for Dismissal of Heidi Arndt as a Defendant From these Proceedings [Docket No. 59] is **DENIED**. It is further

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

**ORDERED** that Defendant Shawon McClung's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 20] is **DENIED** without prejudice.  It is further

**ORDERED** that this case shall be administratively closed pursuant to D.C.COLO.LCivR 41.2.  It is further

**ORDERED** that, on September 1, 2012, the parties shall file status reports regarding this case.  If no party files a status report, the case will be dismissed without prejudice.

DATED February 29, 2012.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge